**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-02751-NYW-SBP

SUMMER TOLEDO, on behalf of herself and all others similarly situated,

Plaintiff,

v.

STONEBRIDGE HOSPITALITY ASSOCIATES, LLC,

Defendant.

---

## ORDER ON MOTION TO REMAND

---

Plaintiff Summer Toledo ("Plaintiff" or "Ms. Toledo") moves to remand this case to the District Court for the City and County of Denver, where it was originally filed. *See* [Doc. 14 (the "Motion" or "Motion to Remand")]. Defendant Stonebridge Hospitality Associates, LLC ("Defendant" or "Stonebridge") opposes remand. [Doc. 18]. For the reasons set forth below, the Motion to Remand is respectfully **GRANTED in part** and **DENIED without prejudice in part**.

## BACKGROUND

Stonebridge owns and operates several hotels in Denver, Colorado. [Doc. 5 at ¶ 6]. From March 2024 to September 2024, Ms. Toledo worked at one of Defendant's hotels as a banquet server, hostess, busser, and restaurant server. [*Id.* at ¶ 7]. She was classified as non-exempt and paid hourly. [*Id.*]. Ms. Toledo alleges that Stonebridge failed to provide her and other employees with 10-minute uninterrupted rest breaks. [*Id.* at ¶ 9]. According to Plaintiff, Defendant's actions violated the Colorado Wage Claim Act, violated

the Colorado Minimum Wage Act, and amounted to civil theft. [*Id.* at ¶¶ 15–34]. Through this action, Ms. Toledo seeks to certify the following class: "All individuals who worked as hourly paid employees for Defendant in Colorado within the statute of limitations." [*Id.* at ¶ 12].

Defendant removed the case to federal court on June 18, 2026, arguing that jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). [Doc. 1 at ¶ 5]. Defendant asserts that removal is proper because "this is a putative class action involving more than 100 proposed class members, minimal diversity exists, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs." [*Id.*]. On July 20, 2026, Ms. Toledo filed her Motion to Remand. [Doc. 14]. The Motion is fully briefed, [Doc. 18; Doc. 20], and the matter is ripe for resolution.

## LEGAL STANDARDS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Under CAFA, federal district courts have original jurisdiction over

> any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

CAFA's provisions "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1262 (10th Cir. 2014) (quotation omitted). But "CAFA reserved to the state courts jurisdiction over primarily local matters." *Id.* Indeed, CAFA provides that a district court must decline to exercise jurisdiction over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This exception to CAFA jurisdiction is known as the "home state" exception. *See Dutcher v. Matheson*, 840 F.3d 1183, 1193 (10th Cir. 2016).

The burden to demonstrate that the "basic requirements" of CAFA have been met is on the removing party. *Woods*, 771 F.3d at 1262. But "once a defendant establishes removal is proper, a party seeking remand to the state court bears the burden of showing jurisdiction in federal court is improper under one of CAFA's exclusionary provisions." *Id.* If the plaintiff makes this showing by a preponderance of the evidence, remand is required. *Nichols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 739–40 (10th Cir. 2018); *Dutcher*, 840 F.3d at 1190.

## ANALYSIS

Ms. Toledo argues that remand is appropriate on two separate bases. First, she argues that removal was improper because Defendant has not established minimal diversity under 28 U.S.C. § 1332(d)(2). [Doc. 14 at 2–5]. Second, she argues that § 1332(d)(4)(B)'s home state exception applies and requires remand. [*Id.* at 5–7].

## I. Minimal Diversity

CAFA requires minimal diversity between the parties—i.e., one defendant and one-plaintiff class member must be citizens of different states. *Reece v. AES Corp.*, 638 F. App'x 755, 767 (10th Cir. 2016). Plaintiff argues that Defendant has not established minimal diversity. [Doc. 14 at 3]. First, Plaintiff takes the position that Defendant is a citizen of Colorado because it is "organized under Colorado law" and maintains its principal place of business in Colorado. [*Id.*]. Second, Plaintiff asserts that "[she] and the putative Class Members were employed as hourly employees by Defendant in Colorado." [*Id.*]. She argues that "[t]hese facts support the notion that the Parties are not minimally diverse and therefore Defendant's removal of the action to federal court is improper." [*Id.*].

Defendant disputes that it is a Colorado citizen and instead claims New York citizenship. [Doc. 18 at 5]. In the Notice of Removal, it suggests that its citizenship is determined based on the citizenship of its members. *See* [Doc. 1 at ¶ 25]. Stonebridge alleges that its sole member is Stonebridge Companies, LLC and that "Stonebridge Companies, LLC has upper-tier ownership entities, and at least one individual who is a citizen of New York holds a limited partner interest in those upper-tier entities." [*Id.*]. Therefore, Defendant concludes, it "is a citizen of New York for purposes of 28 U.S.C. § 1332." [*Id.*]. Stonebridge further argues that minimal diversity exists because "at least one proposed class member is a citizen of a state different from Defendant, including at least one proposed class member who is a citizen of Arizona." [*Id.* at ¶ 26].

Before determining whether the Notice of Removal sufficiently establishes minimal diversity, the Court must determine the applicable framework for ascertaining a limited liability company's citizenship under CAFA. Plaintiff argues that this inquiry is governed

by § 1332(d)(10), which states that "[f]or purposes of [CAFA], an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *see* [Doc. 14 at 4–5]. Defendant does not directly dispute this argument, but it says that "[t]he Tenth Circuit has not expressly decided whether § 1332(d)(10) applies to LLCs." [Doc. 18 at 1]. Furthermore, it argues that § 1332(d)(10)'s application is irrelevant because, no matter what, minimal diversity exists because it "identifie[d] an Arizona citizen in the proposed class." [*Id.* at 1, 4–5]. But it also states that it "preserves its position that the citizenship of its upper-tier ownership interests establishes New York citizenship." [*Id.* at 5].

If the Tenth Circuit has not "expressly decided" whether § 1332(d)(10) applies to limited liability companies, it has at least strongly suggested that it does. In *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233 (10th Cir. 2015), the Tenth Circuit held that, for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), an unincorporated association "takes the citizenship of all its members." *Id.* at 1238. In so doing, the Tenth Circuit rejected the defendant's argument that courts "should treat LLCs like corporations for purposes of diversity jurisdiction citizenship" (i.e., determine their citizenship based on the state of organization and the state in which the principal place of business is located). *Id.* at 1236. The Tenth Circuit found it "worth noting that Congress has indeed prescribed *a different rule* as to unincorporated associations for purposes of [CAFA]." *Id.* at 1237 n.1 (emphasis added). It explained that, "[u]nder CAFA, suits brought by 'unincorporated association[s]' are treated like suits by corporations in that *the citizenship of the association for diversity purposes is determined by its state of*

*organization and principal place of business, not by the citizenship of its members*." *Id.* (quoting 28 U.S.C. § 1332(d)(10) (emphasis added)). And because Congress had provided this express directive in CAFA, but not for purposes of diversity jurisdiction under § 1332(a), the Tenth Circuit found the defendant's argument "particularly unpersuasive." *Id.*

Even if this statement from *Siloam Springs* is dicta, Defendant provides no reason why this Court should stray from it.[1] Accordingly, the Court agrees with Plaintiff that, for purposes of CAFA jurisdiction, Defendant's citizenship is based on its state of organization and principal place of business. *See* 28 U.S.C. § 1332(d)(10); *Otero v. Panorama Eye Care, LLC*, No. 24-cv-01694-PAB, 2024 WL 3496822, at *1 (D. Colo. July 22, 2024) (applying § 1332(d)(10) to an LLC); *Sec. Sys., Inc v. Alder Holdings, LLC*, 421 F. Supp. 3d 1186, 1190 (D. Utah 2019) (same); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) ("[T]he majority of courts that have considered this issue have held that LLCs are 'unincorporated associations' under CAFA.").

Defendant insists that, regardless of whether it is a citizen of Colorado, minimal diversity of citizenship exists because "the Notice of Removal identifies an Arizona citizen in the proposed class." [Doc. 18 at 1]; *see also* [*id.* at 4–5]. But this argument ignores the fact that a notice of removal must contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because Defendant's Notice of Removal does not

[1] Defendant states that "the Tenth Circuit's decision in *Siloam Springs* arose outside CAFA and did not decide that issue." [Doc. 18 at 5 (citing *Siloam Springs*, 781 F.3d at 1237, n.1)]. Defendant's statement is somewhat misleading; while the core issue decided in *Siloam Springs* did not involve CAFA, the Tenth Circuit invoked CAFA and expressly recognized that, under the statute, an unincorporated association's citizenship "is determined by its state of organization and principal place of business, not by the citizenship of its members." *Siloam Springs*, 781 F.3d at 1237 n.1.

provide information about its state of organization or where its principal place of business is located, the Notice of Removal does not adequately identify *Defendant's* state of citizenship. *See* [Doc. 1 at ¶¶ 24–25].[2] The Notice of Removal is thus deficient with respect to establishing minimal diversity between Defendant and the proposed class.

With that said, "most cases indicate that defendants may amend the notice [of removal] . . . to set out more specifically the grounds for removal that already have been stated in the original notice." *Martinez v. LHM QCJ, LLC*, No. 24-cv-00260-JCH-LF, 2024 WL 3252771, at *3 (D.N.M. July 1, 2024) (quotation omitted). The Court "ha[s] discretion to permit amendments that correct allegations already present in the notice of removal," *Silverman v. Houser*, No. 1:26-cv-00247-JCH-KRS, 2026 WL 2098143, at *2 (D.N.M. July 21, 2026) (quoting *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014)), such as correcting "an imperfect statement of citizenship," 14C Wright & Miller's Federal Practice & Procedure § 3733 (4th ed. Apr. 2026 update); *see also Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301–02 (10th Cir. 1968) (affirming trial court's decision to permit amendment to notice of removal to allege the defendant's principal place of business).

[2] Plaintiff argues in the Motion to Remand that Defendant is organized in Colorado and has its principal place of business in Colorado, *see* [Doc. 14 at 3], but Defendant does not confirm this in its Response, *see* [Doc. 18]. In its Answer, however, Defendant admits that it is a Colorado limited liability company, *see* [Doc. 13 at ¶ 3], and this Court takes judicial notice of Defendant's Articles of Organization on the Colorado Secretary of State's website, which indicate that Defendant is formed "under the laws of the State of Colorado." *See* https://www.sos.state.co.us/biz/BusinessEntityCriteriaExt.do (search "Stonebridge Hospitality Associates" in search box, then click "ID Number" link, then click "Filing history and documents" link, then follow "Document #" link associated with Articles of Organization); *see also Allen v. United Props. & Constr., Inc.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4748511, at *3 (D. Colo. Oct. 28, 2008) (taking judicial notice of information on Secretary of State's website). The Court finds Defendant's lack of forthrightness confounding.

The Court finds that remanding this case based solely on the Notice of Removal's deficiency would "equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations" and "unduly . . . exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Hendrix*, 390 F.2d at 301. Accordingly, no later than **November 12, 2026**, Stonebridge **SHALL FILE** an amended Notice of Removal that provides its state(s) of citizenship by identifying its state of organization and the state in which it has its principal place of business. Stonebridge may not assert additional grounds for removal in its amended Notice of Removal. *Martinez*, 2024 WL 3252771, at *3. Having found that Defendant should be permitted to amend its Notice of Removal, remand is not presently warranted on this basis.

## II. Home State Exception

In the alternative, Ms. Toledo argues that the case should be remanded based on the home state exception, [Doc. 14 at 5–7], which requires remand if at least two-thirds of the proposed class members (and Stonebridge) are citizens of Colorado, the state in which this case was originally filed, 28 U.S.C. § 1332(d)(4)(B).

Plaintiff argues that because she and the proposed class members were employed by Defendant in Colorado, it stands to reason that at least two-thirds of the proposed class members are citizens of Colorado. [Doc. 14 at 6]. However, she also notes Defendant's allegation that the proposed class "includes individuals whose citizenship is outside Colorado, including citizens of Arizona, Arkansas, California, Florida, Georgia, Illinois, Louisiana, Michigan, Missouri, Nebraska, Texas, and Washington," *see* [Doc. 1 at ¶ 39], and because she bears the burden of establishing that the home-state exception

applies, she "requests that the Parties conduct jurisdictional discovery" to provide her "with the necessary information to demonstrate that at least two-thirds of the putative class members are citizens of Colorado," [Doc. 14 at 6–7]. In its response, Defendant argues that Plaintiff's reliance on the mere fact that it is a Colorado employer is insufficient to establish that two-thirds of the class members are Colorado citizens. [Doc. 18 at 5–7]. It also argues that Ms. Toledo's request for jurisdictional discovery should be denied because "Plaintiff identifies no concrete basis to believe the statutory two-thirds threshold can be met, and CAFA's citizenship exceptions are ordinarily resolved using readily available information rather than broad class discovery." [*Id*. at 7]. Defendant's latter statement is not supported by any legal authority. *See* [*id.*].

"The Court is vested with broad discretion in deciding whether to allow jurisdictional discovery." *Rodriguez v. Boselli Invs. LLC*, No. 23-cv-00314-RMR-KAS, 2023 WL 11196894, at *3 (D. Colo. Nov. 27, 2023) (citing *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975)). "In determining whether to allow discovery for this purpose, courts generally look to two factors: (1) whether the plaintiff has made a sufficient showing that a CAFA exception likely applies, and (2) whether the requested class information is 'readily available' to the defendant." *Id.* (quoting *Baker v. PDC Energy, Inc.*, No. 14-cv-02537-RM-MJW, 2014 WL 6910207, at *1 (D. Colo. Dec. 9, 2014)).

Given that the proposed class consists of employees "who worked as hourly paid employees for Defendant in Colorado," [Doc. 5 at ¶ 12], the Court finds it likely that the home state exception might apply in this case, *see Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1096, 1102–03 (D. Or. 2012) ("[C]ommon sense tells the Court that it is highly likely that greater than two-thirds of the putative class (which consists only of

persons who worked for 'SolarWorld' in Hillsboro, Oregon during the relevant time period) were residents of Oregon and, thus, presumptively domiciled in Oregon and, hence, citizens of Oregon."). And the Court also concludes that the relevant class information—the identities of the proposed class members, their last known addresses, and other contact information—is readily available to Stonebridge. Indeed, it is unclear to the Court how Ms. Toledo could ever satisfy her burden to establish the home state exception's applicability when the information required to do so is within the sole possession of Defendant.

Ms. Toledo's request for jurisdictional discovery is not unusual; numerous courts have permitted jurisdictional discovery to aid in determining whether a CAFA exception applies. *See, e.g.*, *Rodriguez*, 2023 WL 11196894, at *3–4; *Bey*, 904 F. Supp. 2d at 1103; *Dozier v. GoAuto Ins. Co.*, No. 6:19-cv-01223, 2020 WL 5755175, at *4 (W.D. La. Sept. 24, 2020) (finding request for jurisdictional discovery "reasonable" because "[t]he evidence necessary to establish [CAFA] exceptions is most likely in Defendant's possession and Plaintiff would not have access to this information absent discovery"); *Tapia v. Panda Express, LLC*, No. 16-cv-02323-DSF-RAO, 2016 WL 10987316, at *1 (C.D. Cal. June 7, 2016) (ordering defendants to provide plaintiff with contact information of proposed class members and warning that the court would likely award fees to the plaintiff if a renewed motion to remand demonstrated that CAFA exception applied); *Young v. Integrity Healthcare Communities, LLC*, 513 F. Supp. 3d 1043, 1053 (S.D. Ill. 2021) (granting jurisdiction discovery into home state exception); *Doe v. Overlake Hosp. Med. Ctr.*, No. 2:25-cv-01711-RAJ, 2026 WL 1674918, at *6 (W.D. Wash. June 9, 2026) ("[J]urisdictional discovery will assist the parties and the Court to resolve whether the

CAFA home state exception applies in this case.”). The Court agrees with this weight of authority and concludes that permitting limited jurisdictional discovery is reasonable and appropriate.

Accordingly, insofar as Ms. Toledo seeks leave to conduct limited jurisdictional discovery, the Motion is **GRANTED**. The Parties shall engage in limited jurisdictional discovery regarding the citizenship of the proposed class members and the CAFA home state exception. It is **ORDERED** that, within **seven days** of Defendant’s filing of the amended Notice of Removal, Plaintiff shall specifically identify the jurisdictional discovery she requests, e.g., specific interrogatories; specific requests for production; or specific topics for a Rule 30(b)(6) deposition. The Parties shall then meet and confer regarding Plaintiff’s specific discovery requests and a timeline for the production of discovery responses. Should the Parties be unable to agree as to the scope and timeline of jurisdictional discovery within **fourteen days** of Plaintiff’s identification of the requested jurisdictional discovery, the Parties shall jointly contact the chambers of the Honorable Susan Prose to set a Status Conference. The Status Conference shall be conducted pursuant to any requirements and procedures Judge Prose sets.

After jurisdictional discovery is complete, but no later than **February 15, 2027**, Plaintiff may file a renewed motion to remand (if appropriate). If Plaintiff declines to file a renewed motion to remand, then Plaintiff shall alert the Court of that decision by filing a status report no later than **February 15, 2027**. To the extent Plaintiff asks the Court to remand the case to state court, the request is **DENIED without prejudice**.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Plaintiffs' Motion to Remand [Doc. 14] is **GRANTED in part** and **DENIED without prejudice in part**;

(2) On or before **November 12, 2026**, Defendant shall file an amended Notice of Removal that complies with this Order;

(3) No later than **seven days** after Defendant files an amended Notice of Removal, Plaintiff shall specifically identify the jurisdictional discovery she requests;

(4) Should the Parties be unable to agree as to the scope and timeline of jurisdictional discovery, the Parties shall jointly contact Judge Prose's chambers to set a Status Conference no later than **fourteen days** after Plaintiff identifies the requested discovery;

(5) Any renewed motion to remand shall be filed no later than **February 15, 2027**. If Plaintiff declines to file a renewed motion to remand, then Plaintiff shall alert the Court of that decision by filing a status report no later than **February 15, 2027**.

DATED: November 5, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge